**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 110645

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN MERRITS and RAYMOND LERMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> RETRIEVAL-MASTERS CREDITORS BUREAU, INC. D/B/A AMERICAN MEDICAL COLLECTION AGENCY, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

BRYAN MERRITS and RAYMOND LERMAN (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complain, state and allege against RETRIEVAL-MASTERS CREDITORS BUREAU, INC. D/B/A AMERICAN MEDICAL COLLECTION AGENCY (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.     At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.     Plaintiffs are individuals who are citizens of the State of New York.

6.     Plaintiffs, "consumers" as defined by 15 U.S.C. § 1692a(3), are allegedly obligated to pay a debt.

7.     On information and belief, Defendant's principal place of business is located in Elmsford, New York.

8.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.     Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.     Plaintiffs' alleged debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

11.     Sometime after the incurrence of the debts, but before the initiation of this action, Plaintiffs are alleged to have fallen behind on payments allegedly owed on the alleged debts.

12.     At a time known only to Defendant, Plaintiffs' alleged debts were assigned or otherwise transferred to Defendant for collection.

## FIRST COUNT
### Violation of §1692e of The FDCPA –
### False Representation of the Legal Status of the Debt
### As to Plaintiff LERMAN

13.     Plaintiff LERMAN repeats and realleges the foregoing paragraphs as if fully restated herein.

14.     15 U.S.C. § 1692e(2)(A) prohibits a debt collector from using any false, deceptive or misleading representation of the character, amount, or legal status of any debt.

15.     15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

16.     15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

17.     On or about April 12, 2016, Plaintiff was granted a discharge of certain debts in the United States Bankruptcy Court, for the Eastern District of New York.

18.     The debt Defendant is attempting to collected was discharged.

19.     Defendant was put on notice of the discharge.

20.     Defendant had notice of the discharge.

21.     Despite the discharge, Defendant has continued to attempt to collect Plaintiff's alleged debt.

22.     Despite the discharge, Defendant has continued to attempt to collect Plaintiff's alleged debt, in violation of 11 U.S.C. § 362.

23.     Defendant's attempt to collect Plaintiff's alleged debt is a violation of 11 U.S.C. § 362 and the aforementioned sections of the FDCPA.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692f**
**Unlawful Fee**
**As to Plaintiff MERRITS**

24.     Plaintiff MERRITS repeats and realleges the foregoing paragraphs as if fully restated herein.

25.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

26.     15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

27.     Defendant maintains a website at http://amcaonline.com.

28.     Defendant's website provides a payment portal, at https://champ.retrievalmasters.com/webpay/?pid=2, for consumers to make payments online.

29.     Defendant's payment portal evidences that Defendant attempted to charge Plaintiff a "Convenience Fee" of $4.95 for payments made.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

30. Such convenience fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

31. Such convenience fee is prohibited by 15 U.S.C. § 1692f(1).

32. Defendant has violated 15 U.S.C. § 1692f by attempting to charge a convenience fee.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692e**
**False Representation as to Unlawful Fee**
**As to Plaintiff MERRITS**

33. Plaintiff MERRITS repeats and realleges the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

35. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

36. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

37. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a convenience fee.

38. The least sophisticated consumer would likely be deceived by the convenience fee language into believing that Defendant was legally entitled to collect the fee.

39. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

40. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**JURY DEMAND**

41. Plaintiffs hereby demand a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.      Statutory damages of $1,000.00 against Defendant in favor of Plaintiff LERMAN pursuant to 15 U.S.C. § 1692k; and

b.      Statutory damages of $1,000.00 against Defendant in favor of Plaintiff MERRITS pursuant to 15 U.S.C. § 1692k; and

c.      Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d.      Plaintiffs' costs; all together with

e.      Such other relief that the Court determines is just and proper.

DATED: June 22, 2016

**BARSHAY SANDERS, PLLC**

By:  /s/ Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 110947